**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave.
Suite 100E
Santa Monica, CA 90404
T: 310-667-7273

**WADE KILPELA SLADE LLP**
Edwin J. Kilpela, Jr. (*pro hac vice* application
forthcoming)
ek@waykayslay.com
Paige Noah (*pro hac vice* application
forthcoming)
pnoah@waykayslay.com
6425 Living Pl. Suite 200
Pittsburgh, PA 15206

**WADE KILPELA SLADE LLP**
David Slade (*pro hac vice* application
forthcoming)
slade@waykayslay.com
Brandon Haubert (*pro hac vice* application
forthcoming)
brandon@waykayslay.com
Lucy Holifield (*pro hac vice* application
forthcoming)
lholifield@waykayslay.com
1 Riverfront Place
Suite 745
North Little Rock, AR 72114

*Attorneys for Plaintiff Gail Burke*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GAIL BURKE,<br><br>      Plaintiff,<br><br>   v.<br><br>APPLE, INC., a California corporation,<br><br>      Defendant. | Case No.: 3:26-cv-03931-VC<br><br>**CORRECTED DECLARATION OF SARA D. AVILA IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Honorable Vince Chhabria<br>Dept.: Courtroom 4—17th Floor |

---

**CORRECTED DECLARATION OF SARA D. AVILA ISO DEFENDANT'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIALS SHOULD BE SEALED**

**DECLARATION**

I, Sara D. Avila, declare as follows:

1.      I am a partner at the law firm Wade Kilpela Slade LLP and counsel to the Plaintiff in this action.  I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to said information if called upon to do so. Pursuant to Civil Local Rules 7-11 and 79-5, I submit this Declaration in support of Defendant Apple Inc.'s Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed (ECF 9).

2.      Plaintiff wishes to keep confidential and sealed all of the information identified in the Declaration of David R. Singh (ECF 9-1) (the "Singh Declaration") In Support of Defendant Apple Inc.'s Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed  (ECF 9).

3.      The information sought to be sealed here consists of quotations to and summaries of Plaintiff's deposition testimony, which is designated Confidential or Attorneys' Eyes Only under the Protective Order in this matter (ECF 124[1]). The table below provides a brief description of the portions of Apple's Motion to Transfer and the supporting Singh Declaration that Plaintiff wishes to seal and keep confidential:

| Document Name | Designating Party | Portions Plaintiff Seeks to Seal | Description of Confidential Content |
|---|---|---|---|
| Motion to Transfer | Plaintiff | Highlighted Sections on pages 1, 2, and 6 | Name of city and U.S. District in which Plaintiff resides and length of time at her residence (pages 1, 2, 6) |

---

[1] For this filing only (ECF 124), the ECF identifier refers to Case No. 3:22-cv-07668-VC in the U.S. District Court for the Northern District of California, which included Plaintiff prior to her being severed.

| Document Name | Designating Party | Portions Plaintiff Seeks to Seal | Description of Confidential Content |
|---|---|---|---|
| Exhibit A | Plaintiff | Highlighted Sections as itemized in the adjacent column as well as the following material that was not highlighted:[2] 44:12-45:9 (private information about abuse) | Plaintiff's address and other personal identifying information (pages 14, 15, 33, 116)<br><br>Confidential personal identifying information of third parties (email addresses) (page 96)<br><br>Private and confidential medical information (page 167) |

4.      Personal information of this type is entitled to protection under the law and compelling reasons exist to keep it confidential to protect Plaintiff's privacy interests. *See, e.g., Coston v. Nangalama*, No. 2:10-cv-02009-DC-EFB (PC), 2025 U.S. Dist. LEXIS 90046, at *3 (E.D. Cal. May 12, 2025) ("The court has reviewed the exhibits at issue and all contain plaintiff's personal medical information, which, as other courts have routinely found, is of such a sensitive, personal nature that the plaintiff's privacy interest in it outweighs any interest the public may have in its disclosure."); *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 U.S. Dist. LEXIS 40127, 2021 WL 809396, at *2 (E.D. Cal. Mar. 3, 2021) (ordering medical records to be sealed, explaining "[m]edical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal"); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 U.S. Dist. LEXIS 90913, 2020 WL 8992141, at *5 (N.D. Cal. May 22, 2020) (granting request to seal documents containing medical information, observing "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records").

---

[2] The second column of the chart in paragraph 3 of the declaration I submitted on June 4, 2026 (ECF 12) stated Plaintiff wished to seal "the following material that was not highlighted" and cited the testimony. I met and conferred with counsel for Apple this morning about this statement. To be clear, the material that was not highlighted was not previously designated confidential. Upon further review Plaintiff determined this material should be treated as confidential under the Protective Order. My office notified counsel for Apple that this testimony should be treated as confidential going forward and that we will provide supplemental confidentiality designations to Apple that includes this additional testimony. Apple did not fail to redact material here that was previously designated confidential.

---

**CORRECTED DECLARATION OF SARA D. AVILA ISO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

5.      Where the amount of information sought to be sealed is minimal and "has little or no relevance to any material issue" in the case, the privacy interests in the personal information outweigh the public's right to access. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, at \*10 (N.D. Cal. Oct. 31, 2007). Moreover, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files [might become] a vehicle for improper purposes," such as harassment. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292, 2017 U.S. Dist. LEXIS 206806, at \*2 (N.D. Cal. Dec. 15, 2017) (internal quotes omitted). Harassment is certainly a risk where an individual's personal information is broadly released in a public filing, particularly where the Plaintiffs are stalking victims.

6.      The information contained in Apple's motion  to transfer and the supporting Singh Declaration consist of or directly discuss Plaintiff's personal identifiable information (PII), Plaintiff's medical information, information about Plaintiff's specific locations, and identifying information of non-parties, deeply sensitive information about abuse, all of which could jeopardize Plaintiff's physical safety if disclosed publicly.

7.      Good cause exists to keep confidential personal information of this type to protect Plaintiff's privacy interests and safety.

8.      Public disclosure of the information contained in the above-referenced documents would cause significant harm to Plaintiff's privacy interests and the privacy interests of non-parties. The information could be used to expose Plaintiff's locations and the PII of Plaintiff and non-parties,  which could seriously jeapordize Plaintiff's safety. Public disclosure of Plaintiff's medical and therapy information would also cause Plaintiff harm and embarrassment.

9.      A less restrictive alternative to sealing is not sufficient. Plaintiff's counsel has carefully reviewed the materials at issue and has narrowly tailored its sealing request to include only sealable material, as required by Civil Local Rule 79-5(a). Indeed, Plaintiff has selected only portions of the documents that contain personal, confidential, private, and/or sensitive personal information and PII.

**CORRECTED DECLARATION OF SARA D. AVILA ISO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 5th day of June 2026 in Los Angeles, California.

_____
Sara D. Avila